UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAVARIS SMITH, individually and on behalf of all those similarly situated, LEONARD DIXON, and ANTHONY COLLIER,

    Plaintiffs,

vs.   Case No. 2:12-cv-551-FtM-29DNF

AARON'S, INC.,

    Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on defendant's Motion to Dismiss Plaintiff's Collective Action Complaint (Doc. #10) filed on November 8, 2012. Plaintiff filed a Memorandum of Law in Opposition (Doc. #18) on November 30, 2012, and with leave of Court, defendant filed a Reply (Doc. #26) on January 9, 2013.

**I.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(citation omitted). To survive dismissal, the factual allegations must be

"plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011)(citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012)(internal quotation marks and citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

## II.

On October 5, 2012, plaintiff Javaris Smith (Smith or plaintiff) filed a Collective Action Complaint (Doc. #1) seeking

relief under the Fair Labor Standards Act (FLSA) for unpaid overtime wages. Plaintiff worked for Aaron's, Inc. (defendant) as a furniture delivery person, or "product technician", and was paid on an hourly basis with stop pay and bonuses. Defendant maintains a retail sales and lease ownership business of residential and office furniture, electronics, computers, and appliances. (Doc. #1, ¶¶ 2, 13, 20, 21.)

Plaintiff was a product technician from May 2008 to October 2011 in Lee County, Florida and was an employee within the meaning of the FLSA. (Id., ¶ 7.) Plaintiff delivered furniture, appliances and other products to customers within the State of Florida, throughout the day and returned the delivery truck to the retail store at end of the day. (Id., ¶ 22.) Plaintiff, as well as Leonard Dixon and Anthony Collier, filed Consents to Joint Collective Class Action and be Represented by Labar & Adams, P.A. (Docs. ## 2-4.)

Plaintiff alleges that defendant is a covered employer under the FLSA who employed plaintiff and other similarly situated product technicians in Lee County, Florida. Further alleged is that plaintiff, as an employee, was engaged in commerce and defendant is an enterprise with an annual gross volume of sales made or business done not less than $500,000. Plaintiff alleges that defendant repeatedly and willfully failed to compensate plaintiff and others similarly situated at a rate of one and one-

half times the regular rate of pay for hours in excess of the 40 hour workweek.

**III.**

Defendant argues that plaintiff's claims fail to provide fair notice because no relevant or sufficient factual information is provided to support the legal conclusions made in the Complaint. Defendant further alleges that no factual basis is provided to support claims of willfulness or a class, and a failure to sufficiently allege the jurisdictional prerequisite of interstate commerce.

Under Title 29, United States Code, Section 206(a), every employer must pay each of its employees "who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce" wages at a certain hourly rate. 29 U.S.C. § 206(a). See also 29 U.S.C. § 207(a)(1). Paragraph 29 of the Complaint alleges that defendant "repeatedly and willfully violated"[1] the FLSA by failing to compensate plaintiff and other product technicians at the applicable rate for hours worked in excess of the 40 hour workweek. Combined with the factual allegations, this is sufficient to state a plausible claim under the FLSA at this stage of the proceedings.

---

[1] A willful violation will extend the statute of limitations for a cause of action from 2 to 3 years. 29 U.S.C. § 255.

Plaintiff alleges that other product technicians were also denied overtime compensation. To demonstrate that plaintiffs are "similarly situated", a opt-in plaintiff "need show only that their positions are similar, not identical, to the positions held by the putative class members." Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1217 (11th Cir. 2001)(quotations and citations omitted). In this case, plaintiff alleges that other plaintiffs shared the same title and role. This is sufficient at this stage of the proceedings. Therefore, the motion to dismiss will be denied as to this issue.

In the Complaint, plaintiff cites Section 206(a) and states that defendant "was engaged in commerce" as defined therein, without specifying whether plaintiff was individually engaged or as an employee of an enterprise so engaged. (Doc. #1, ¶ 15.) Plaintiff goes on to quote from the definition of "Enterprise engaged in commerce or in the production of goods for commerce" that defendant has employees "engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" pursuant to 29 U.S.C. § 203(s)(1)(A)(i), and that plaintiff "reasonably believes that during his employment" defendant had an annual gross volume of sales not less than $500,000, pursuant to 29 U.S.C. § 203(s)(1)(A)(ii). (Doc. #1, ¶¶ 16, 17.) Based on these

allegations, the Court will assume that plaintiff is claiming "enterprise coverage" under the FLSA.

For "enterprise coverage", plaintiff must have been "employed in an enterprise engaged in commerce[2] or in the production of goods for commerce." 29 U.S.C. § 207(a)(1). An "enterprise" is the "the activities performed by a person or persons who are (1) engaged in "related activities," (2) under "unified operation or common control," and (3) have a "common business purpose," Josendis v. Wall to Wall Residence Repairs Inc., 662 F.3d 1292, 1299 (11th Cir. 2011)(citing 29 U.S.C. § 203(r)(1)).  Plaintiff specifically alleges that he and others made deliveries all day for the common purpose of delivering furniture, appliances, and other products to customers.  (Doc. #1, ¶ 22.)  Therefore, it would appear that plaintiff has sufficiently alleged "enterprise coverage". However, plaintiff alleges that the deliveries were made "within the State of Florida", and that opt-in individuals also performed services for defendant "in Florida."  (Id., ¶¶ 22, 24.)  The factual allegations appear to contradict the allegation of interstate commerce.  Therefore, the motion to dismiss will be granted on this basis with leave to amend.

Accordingly, it is now

**ORDERED:**

---

[2]"Commerce" is defined as "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." 29 U.S.C. § 203(b).

Defendant's Motion to Dismiss Plaintiff's Collective Action Complaint (Doc. #10) is **GRANTED** and the Collective Action Complaint is **dismissed without prejudice** to filing an Amended Collective Action Complaint within **FOURTEEN (14) DAYS** of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this __21st__ day of June, 2013.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record