UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAVARIS SMITH, individually
and on behalf of all those
similarly situated, opt-in
plaintiffs LEONARD DIXON
and ANTHONY COLLIER

    Plaintiff,

v.                         Case No: 2:12-cv-551-FtM-29DNF

AARONS, INC.,

    Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on four motions and responses: (1) Defendant's Motion for Summary Judgment (Doc. #46); (2) defendant's Motion to Stay Proceedings Pending Determination of Its Motion for Summary Judgment (Doc. #48); (3) defendant's Motion for Leave to File a Reply in Support of Its Motion to Stay Proceedings Pending Determination of Its Motion for Summary Judgment (Doc. #54); and (4) Defendant's Motion For Leave to File a Reply in Support of Its Motion for Summary Judgment (Doc. #56). Responses in opposition were filed to all motions. (Docs. ## 52, 53, 55, 57.)

**I.**

On July 15, 2013, plaintiff filed an Amended Collective Action Complaint (Doc. #44) (the Amended Complaint) setting forth

a claim for overtime compensation under the Fair Labor Standards Act (FLSA) for hours worked in excess of a forty hour workweek, plus liquidated damages, fees, and costs. (Doc. #44.) The Amended Complaint asserts that plaintiff was employed by defendant as a product technician from May 2008 to October 2011, and in that capacity was "individually engaged in commerce, transportation, transmission or communication among the several States." (Doc. #44, ¶¶ 7, 15.) The Amended Complaint further alleges that plaintiff, and opt-in plaintiffs, "regularly used the instrumentalities of interstate commerce while performing their work for the Defendant", and "regularly used the channels of commerce while performing their work for the Defendant". (Doc. #44, ¶15.) More specifically, the Amended Complaint alleges that defendant maintained a retail sales and lease ownership business which included residential and office furniture, electronics, computers and appliances (Id. at ¶20.) Plaintiff was hired to, and did in fact, deliver products to defendant's customers (Id. at ¶¶ 20, 22.) At the end of the deliveries, plaintiff was required to return the delivery vehicle to defendant's retail store location (Id. at ¶22.)

Defendant filed an Answer (Doc. #45) which contained affirmative defenses. On September 13, 2013, defendant filed a

Motion for Summary Judgment (Doc. #46) based on its Third Affirmative Defense, and a request to stay all proceedings, including discovery, pending resolution of the motion for summary judgment. Defendant argues that it is entitled to summary judgment because the Motor Carrier Act exemption in the FLSA bars plaintiff's claim for overtime compensation. On the same day, plaintiff filed a Motion for an Order Permitting Supervised Notice of This Action to Potential Opt-In Plaintiffs and Conditional Certification of This Case as a Collective Action (Doc. #49). The Court temporarily stayed the filing of a response to this Notice and Conditional Certification Motion pending a decision on the motion to stay. (Doc. #51.)

**II.**

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." Baby Buddies, Inc. v. Toys "R" Us, Inc., 611 F.3d 1308, 1314 (11th Cir. 2010). A fact is "material" if it may affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242,

248 (1986).

In ruling on a motion for summary judgment, the Court views all evidence and draws all reasonable inferences in favor of the non-moving party. Scott v. Harris, 550 U.S. 372, 380 (2007); Tana v. Dantanna's, 611 F.3d 767, 772 (11th Cir. 2010). However, "if reasonable minds might differ on the inferences arising from undisputed facts, then the court should deny summary judgment." St. Charles Foods, Inc. v. America's Favorite Chicken Co., 198 F.3d 815, 819 (11th Cir. 1999) (quoting Warrior Tombigbee Transp. Co. v. M/V Nan Fung, 695 F.2d 1294, 1296-97 (11th Cir. 1983)(finding summary judgment "may be inappropriate where the parties agree on the basic facts, but disagree about the factual inferences that should be drawn from these facts")). "If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant summary judgment." Allen v. Bd. of Pub. Educ., 495 F.3d 1306, 1315 (11th Cir. 2007).

### III.

The FLSA requires employers to pay covered employees at a time-and-a-half rate for any hours worked in excess of 40 hours per week. 29 U.S.C. § 207(a)(1). The FLSA provides, however, a

number of exemptions to the overtime pay provision. 29 U.S.C. § 213(b)(1)-(30). These exemptions are construed narrowly against the employer, and the employer has the burden to show that an exemption applies. Walters v. Am. Coach Lines of Miami, Inc., 575 F.3d 1221, 1226 (11th Cir. 2009); Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590, 594 (11th Cir. 1995).

One such exemption is known as the Motor Carrier Act ("MCA") exemption. The MCA exemption provides that the FLSA overtime pay requirement "shall not apply with respect to any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of section 31502 of Title 49." 29 U.S.C. § 213(b)(1). Whether the MCA exemption applies "is dependent on whether the Secretary has the power to regulate, not on whether the Secretary has actually exercised such power." Baez v. Wells Fargo Armored Serv. Corp., 938 F.2d 180, 181 n.2 (11th Cir. 1991). See also Abel v. Southern Shuttle Servs., Inc., 631 F.3d 1210, 1213 (11th Cir. 2001); Walters, 575 F.3d at 1226. The MCA exemption is triggered if two requirements are met: (1) the employee was employed by a carrier "whose transportation of passengers or property by motor vehicle" subjects them to the jurisdiction of the MCA; and (2) the employee was engaged in

activities "of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce within the meaning of the Motor Carrier Act." 29 C.F.R. § 782.2(a). See Baez, 938 F.2d at 181-82; Walters, 575 F.3d at 1227. "The applicability of the motor carrier exemption 'depends both on the class to which his employer belongs and on the class of work involved in the employee's job.'" Walters, 575 F.3d at 1227 (quoting 29 U.S.C. § 782.2(a)).

Defendant's summary judgment motion asserts that plaintiffs have virtually pled the case into the MCA exemption. Plaintiffs disagree, and argues that discovery must be allowed prior to resolving the issues. The Court concludes that while a fair reading of the Amended Complaint comes close to establishing the MCA exemption, there appear to be disputed facts at least as to the interstate commerce aspect of the case, which impacts the applicability of the MCA exemption. Even if plaintiffs' factual allegation in the Amended Complaint that he "individually engaged in commerce, transportation, transmission or communication among the several States" (Doc. #44, ¶15) gives way to his contrary affidavit that he did no work-related activities outside of Florida, there are potential facts which could nonetheless
6

establish the MCA exemption.  The Court agrees that discovery is needed in this case prior to resolving this dispositive issue.

Accordingly, it is hereby

**ORDERED**:

1. Defendant's Motion for Summary Judgment (Doc. #46) is **DENIED.**

2. Defendant's Motion to Stay Proceedings Pending Determination of Its Motion for Summary Judgment (Doc. #48) is **DENIED as moot.**

3. Defendant's Motion for Leave to File a Reply in Support of Its Motion to Stay Proceedings Pending Determination of Its Motion for Summary Judgment (Doc. #54) is **DENIED as moot.**

4. Defendant's Motion for Leave to File a Reply in Support of Its Motion for Summary Judgment (Doc. #56) is **DENIED.**

5. Pursuant to the Court's September 23, 2013, Order (Doc. #51), defendant shall file its response to the Motion for an Order Permitting Supervised Notice of This Action to Potential Opt-In Plaintiffs and Conditional Certification of This Case as a Collective Action (Doc. #49) within **TWENTY-ONE (21) DAYS** of this Opinion and Order.

**DONE and ORDERED** at Fort Myers, Florida, this ___25th___ day of October, 2013.

_____
JOHN E. STEELE
United States District Judge