## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FT. MYERS DIVISION

JAVARIS SMITH, individually and on behalf
of all those similarly situated, LEONARD
DIXON, and ANTHONY COLLIER,

       Plaintiffs,

       v.

AARON'S, INC.,

       Defendant.

Case No. 2:12-cv-00551-JES-DNF

## DEFENDANT'S NOTICE OF OBJECTIONS
## TO PLAINTIFF'S PROPOSED COLLECTIVE ACTION NOTICE

Defendant Aaron's Inc. ("Aaron's" or "Defendant"), by and through its attorneys, hereby submits its Objections to the form and content of Plaintiff's Proposed Collective Action Notice. (Dkt. No. 49-4) ("Proposed Notice").   Defendant presents the following objections for this Court's consideration only in the event that it grants Plaintiff's Motion for Class Certification over Defendant's opposition. (Dkt. No. 49; Dkt. No. 65.)

1.    <u>Nationwide Posting of Notice Is Improper:</u>  Even though Plaintiff is only seeking the conditional certification of a class of Product Technicians who worked for Aaron's in the State of Florida, he claims that "Plaintiff's Notice Is Accurate And Should Be Posted At All of Defendant's Locations *Nationwide.*"  (Dkt. No. 49 at 17) (emphasis added).  Since the legal rights of Aaron's associates outside of the State of Florida will not be implicated by this lawsuit in any way, such nationwide posting is clearly overly-broad, improper, and would lead to unnecessary confusion among Aaron's current and former associates nationwide.

2.    <u>The Posting of Notice Is Overly Intrusive And Unnecessary:</u>  Plaintiff's request that the Proposed Notice be posted at Aaron's facilities—even if limited to stores in Florida—is

overly intrusive and unnecessary as Plaintiff has not provided any evidence whatsoever that the mailing of notice would be insufficient.  *See, e.g., Shakib v. Back Bay Rest. Grp., Inc.*, No. 10-CV-4564 DMC JAD, 2011 WL 5082106, at *6 (D.N.J. Oct. 26, 2011) ("Generally, first class mail is sufficient to place putative class members on notice of a collective action."); *see also Howard v. Securitas Sec. Servs., USA Inc.,* No. 08 C 2746, 2009 WL 140126, at *9 (N.D. Ill. Jan. 20, 2009) ("The court authorizes notice to be mailed to the putative class; however, it will not order [Defendant] to post the notice in its branches as, absent evidence that the mailing of notices is ineffective, such a method of notice is unnecessary and overly intrusive."); *Hintergerger v. Catholic Health Sys*, No. 08-CV-380S, 2009 WL 3464134, at *13 (W.D.N.Y. Oct. 21, 2009) (posting the notice at the employer's office would be premature, explaining "the only group that will be reached by posting are current associates, who have an interest in providing their employer with an up-to-date mailing address").  As such, if this Court grants Plaintiff's Motion, Plaintiff's request for notice by posting should be denied.

3.     Notice Should Be Limited To Three-Years From the Court's Order:  Plaintiff's Proposed Notice seeks to include all associates who worked as a Product Technician in Florida "at any time from October 5, 2009 to Present."  The limitations period under the FLSA is two years from the time a consent to join the lawsuit is filed, or three year if the plaintiff can show that the violation was willful.  29 U.S.C. § 255.  Even assuming the longer three year statute of limitations applies, as of today, any claims prior to November 18, 2010 would be time barred.  Therefore, the relevant time period to include in the Proposed Notice should be three years prior to the date notice is issued (if, despite Defendant's arguments to the contrary, this Court permits notice).

4.     <u>Notice Should Be Issued By A Third-Party Administrator:</u>   If conditional certification is granted despite Defendant's opposition, this Court's Order should govern the process for the distribution of notice to avoid the potential for abuse.   *See Hoffman-La Roche, Inc. v. Sperling,* 493 U.S. 165, 171 (1989) (noting potential for abuse in unsupervised communications between counsel for named plaintiffs in §216(b) collective action and putative class members).   Therefore, to protect the privacy interests of the Aaron's associates who are members of the putative class, this Court should direct the parties to select a neutral third-party administrator (TPA) to distribute notice.   *See Nehmelman v. Penn Nat. Gaming, Inc.*, --- F.Supp.2d ----, 2011 WL 4538698, at * 20 (N.D. Ill. 2011) (approving use of TPA for distribution of notice where requested by defendant to avoid privacy concerns and risk of undue pressure from plaintiffs' counsel).   In the same vein, this Court should order that Plaintiff may not initiate contact, beyond the class notice, with putative class members unless and until such members opt in to the lawsuit.   *See Hipp v. Liberty Nat. Life Ins. Co.*, 164 F.R.D. 574, 576 (M.D. Fla. 1996) (prohibiting contact with putative class other than the notice itself).

5.     <u>The Notice Period Should Be Open For 45 Days:</u>   Plaintiff's Motion requests that putative class members have 90 days to file their consents to join this lawsuit.   (Dkt. No. 49 at 18.)   To effectuate the efficient management of the case, this Court should set a 45-day deadline for putative class members to opt-in to the lawsuit after notice is issued and should accept consent-to-join forms after that date only with a showing of good cause or with Defendant's consent.   *See*, *e.g., Edwards v. CFI Sales & Mktg., Inc.*, No. 6:09-CV-234, 2009 WL 4891945, at *1 (M.D. Fla. Dec. 16, 2009) ("The putative class will have forty-five (45) days from the mailing of the Notices to file their consent to join forms with the Clerk of the Court."); *Barron v. Henry*

*County School System*, 242 F. Supp. 2d 1096 (M.D. Ala. 2003) (ordering that opt-in consent forms be filed within 30 days after notice issued).

6.    The Proposed Notice Should Accurately Apprise the Putative Class Members of Their Potential Responsibilities: Plaintiff's Proposed Notice outlines the benefits of opting into this lawsuit (*e.g.*, "By 'opting-in,' you gain the possibility of receiving money or benefits that may result from trial or settlement . . ."); however, it does not outline the potential responsibilities that each opt-in assumes.   To ensure potential plaintiffs make a fully informed decision, the notice should specifically advise the potential opt-ins that opting-in may result in being subject to depositions, document productions, and even testifying at trial.   *See, e.g., Romero v. Flaum Appetizing Corp.*, No. 07 CIV. 7222, 2009 WL 2591608, at *6 (S.D.N.Y. Aug. 17, 2009) (requiring "[l]anguage stating that opt-in plaintiffs may be called upon to provide deposition or trial testimony under oath, respond to document requests, and/or respond to other requests for information"); *see also Cox v. Appliance Direct Inc.,* No. 6:08-CV-216, 2008 WL 3050050, at *1 (M.D. Fla. Aug. 1, 2008) (noting that Defendant's objection that the notice include a provision outlining that the opt-ins "may be required to respond to written questions and requests for documents, sit for depositions and/or testify in court" had merit and was ultimately conceded to by the plaintiff).

7.    The Proposed Notice Should Accurately Apprise the Putative Class Members of The Possibility of Incurred Costs:    Plaintiff's Proposed Notice is also flawed in that putative class members are not advised that costs may be imposed upon them in the event that Aaron's prevails at trial.  *See, e.g., Bah v. Shoe Mania, Inc.*, No. 08 CIV. 9380, 2009 WL 1357223, at *4 (S.D.N.Y. May 13, 2009) ("Plaintiff must modify the notice to inform the potential plaintiffs that, if they opt in, they *may* be asked to . . . pay litigation costs.") (emphasis in original); *see*

*also Cox,* 2008 WL 3050050, at *1 (noting that Defendant's objection that the notice include a provision stating "[i]f you do opt-in and are unsuccessful on the merits of your claim, you may be responsible for [defendant's] costs in this matter" had merit and was ultimately conceded to by the plaintiff).

<u>**CONCLUSION**</u>

For the foregoing reasons, Defendant objects to the form and content of Plaintiff's Proposed Notice.   In the event that the Court grants Plaintiff's Motion for Conditional Certification despite Defendant's opposition, Defendant requests that this Court disregard Plaintiff's flawed proposed notice and order the parties to confer about the form and content of notice.

Dated: November 18, 2013.

Respectfully submitted,

/s Jeffrey L. Glaser
Brett C. Bartlett
bbartlett@seyfarth.com
Jeffrey L. Glaser
jglaser@seyfarth.com
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E., Suite 2500
Atlanta, Georgia  30309-3962
Telephone:  (404) 885-1500
Facsimile:  (404) 892-7056
*Lead Counsel for Defendant*

Sally R. Culley
Florida Bar No. 0095060
Rumberger, Kirk & Caldwell, P.A.
Lincoln Plaza, Suite 1400
300 South Orange Ave. (32801)
Post Office Box 1873
Orlando, Florida  32802-1873
Tel: 407.872.7300 / Fax: 407.841.2133
sculley@rumberger.com
*Local Counsel for Defendant*

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FT. MYERS DIVISION

JAVARIS SMITH, individually and on behalf
of all those similarly situated, LEONARD
DIXON, and ANTHONY COLLIER,

        Plaintiffs,

    v.

AARON'S, INC.,

        Defendant.

Case No. 2:12-cv-00551-JES-DNF

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that I served a true and correct copy of the foregoing *Defendant's Notice of Objections to Plaintiff's Proposed Collective Action Notice* upon the following counsel of record via U.S. mail and e-mail on November 18, 2013:

      Scott C. Adams, Esq.
      N. Ryan Labar, Esq.
      LABAR & ADAMS, P.A.
      1527 East Concord Street
      Orlando, Florida 32803
      *Attorney for the Plaintiff and*
      *Putative Class*

                   /s  Jeffrey L. Glaser
                    Jeffrey L. Glaser

16445220v.1