UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

| | |
|---|---|
| JAVARIS SMITH, individually and on behalf of all those similarly situated, LEONARD DIXON, and ANTHONY COLLIER,<br><br>    Plaintiffs,<br><br>    v.<br><br>AARON'S, INC.,<br><br>    Defendant. | Case No. 2:12-cv-00551-JES-DNF |

**DEFENDANT'S SURREPLY IN OPPOSITION TO
PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION**

Defendant AARON'S, INC. ("Defendant"), by its attorneys and pursuant to Local Rule 3.01(c) of the Middle District of Florida and this Court's December 26, 2013 Order, hereby files its surreply in Opposition to Plaintiff's Motion for Conditional Certification. (Dkt. No. 49) (hereinafter "Plaintiff's Motion").

**I.  INTRODUCTION.**

In his Reply (Dkt. No. 71), Plaintiff attempts to mask the fatal short-comings of his Motion by misconstruing case law to create the illusion of murkiness in otherwise crystal clear precedent. Plaintiff has not cited a *single* case in his Motion or Reply in which a statewide class of hundreds of employees across over 100 stores has been conditionally certified based on the conclusory declarations of only three individuals (one of whom may have his claims barred). Instead, as with his Motion, Plaintiff's Reply is riddled with cases that—due to significant factual differences—have only tangential relevance (or, in some cases, no relevance) to the present case. Despite his Reply, Plaintiff has still failed to demonstrate the requisite interest or unifying policy that other Courts have found necessary to warrant conditional certification of a

broad class of employees, such as the one sought by Plaintiff. Moreover, in his Reply, Plaintiff continues to mischaracterize the impact of the similar pre-existing class in *Jewell v. Aarons, Inc.* on this case. Plaintiff initially contended in his Motion that, due to the *Jewell* class, he did not need to present more than trifling and illusory evidence to satisfy his burden of proving his proposed class was similarly situated. In his Reply, Plaintiff cites to a single case outside of this Circuit in further support of this flawed contention. Nonetheless, Plaintiff's cited case in no way suggests that the burden of a second collective action is lessened due to a similar pre-existing class; but rather, as Defendant has already shown, the existence of a pre-existing class cuts against or precludes conditional certification in this case.

For the reasons set forth below, Plaintiff's Reply does nothing to alter the fact that his Motion wholly fails to meet the requirements necessary for conditional certification and should be denied in full.

**II.     LEGAL ARGUMENT.**

   **A.     *Plaintiff's Three Form Declarations Are Insufficient To Satisfy The "Adequate Interest" Prong As To Warrant Conditional Certification.***

In his Motion, Plaintiff relies on the form declarations of himself and two opt-ins, Anthony Collier and Leonard Dixon, to support the conditional certification of a <u>state-wide class</u> of many "hundreds of product technicians in Florida" who worked at 104 different Aaron's stores. (Dkt. No. 49 at 10.) Plaintiff cites in support of his Motion to case law in which as few as one or two declarations were deemed sufficient to warrant conditional certification. (*Id.* at 9-10.) Nonetheless, Defendant rightfully explained in its Response that Plaintiff's cited cases only dealt with extremely narrow classes[1]—*i.e.,* only a few locations or class sizes in the single

---

[1] *See, e.g., Wynder v. Applied Card Sys., Inc.,* No. 09-80004-CIV, 2009 WL 3255585, at *3-4 (S.D. Fla. 2009) (involving a single Boca Raton, FL location); *Pares v. Kendall Lakes Auto., LLC,* No. 13-20317-CIV, 2013 WL 3279803, at *12 (S.D. Fla. 2013) (involving two dealership locations); *Beck v. Desoto*

digits—rather than a state-wide class like the one sought in this case. (Dkt. No. 65 at 15-20.) In order to circumvent the inconvenient fact that courts have conditionally certified only the narrowest of classes on the basis of so few declarations, Plaintiff's Reply cites to new case law that he purports should support his contention that a few form declarations can also warrant much larger classes. (Dkt. No. 71 at 5-6.) These cases are also readily distinguishable, however, and do nothing to undermine the general rule that far more interest (than three form declarations) is required to support certification of a state-wide class involving hundreds of employees and over 100 different store locations.

Indeed, with the exception of one case, none of the cases that Plaintiff cites in his Reply involve a remotely comparable level of interest as demonstrated by Plaintiff in this case. For example, in *Pendlebury*, the court conditionally certified a class of Starbucks store managers based on the declarations of four individuals *plus* Plaintiffs' sworn allegations that approximately ten other store managers have already indicated a willingness to become opt-in plaintiffs. *Pendlebury v. Starbucks Coffee Co.,* No. 04-CV-80521, 2005 WL 84500, at *1-2 (S.D. Fla. Jan. 3, 2005). Similarly, in *Vaccaro, Billingsley,* and *Schumann*, adequate interest existed only where the defendant did not dispute that the adequate interest prong was met and/or at least eight to fourteen opt-in plaintiffs joined the lawsuit. *See Vaccaro v. Candidates on Demand Group, Inc.,* No. 07-81013, 2008 WL 1711536, at *1 (S.D. Fla. Apr. 10, 2008) (where conditional certification was granted based on two declarations and ten opt-in plaintiffs joining the lawsuit); *Billingsley v. Citi Trends, Inc.,* No. 4:12-CV-0627, 2013 WL 246115, at *3-4 (N.D. Ala. Jan. 23,

---

*Health & Rehab, LLC,* No. 2:06-cv-226, 2007 WL 201097, at *2-3 (M.D. Fla. Jan. 24, 2007) (Steele, J.) (involving an estimated class of "8 to 10 other employees"); *Bennett v. Hayes Robertson Group, Inc.,* 880 F. Supp. 2d 1270, 1275-76 (S.D. Fla. July 20, 2012) (involving 21 employees at five restaurant locations); *Guerra v. Big Johnson Concrete Pumping, Inc.,* No. 05-14237-CIV, 2006 WL 2290512 (S.D. Fla. May, 17, 2006) (involving two locations in Fort Myers, FL and Martin County, FL).

2013) (where plaintiff relied on the declarations of eight store managers and defendant did not "dispute that the plaintiffs meet the first requirement of showing that others desire to join the lawsuit"); *Schumann v. Collier Anesthesia, P.A.,* No. 2:12–cv–347, 2013 WL 645980, at *2 (M.D. Fla. Feb. 21, 2013) (Steele, J.) (where this Court granted conditional certification where plaintiffs submitted 5 declarations and 14 individuals opted into the lawsuit).

In this case, only two opt-ins besides Plaintiff have expressed an interest in joining this lawsuit—despite the fact that Plaintiff filed his complaint over 14 months ago. (Dkt. No. 1) (complaint filed on October 5, 2012); *see also Rodgers v. CVS Pharmacy, Inc.,* No. 8:05-CV770, 2006 WL 752831, at *4 (M.D. Fla. Mar. 23, 2006) (denying certification where "[i]n the year since the lawsuit was filed, Plaintiff has only been able to identify . . . two individuals"). Moreover, unlike the cases that Plaintiff cites in his Reply, rather than showing through declarations or verified statements that others are interested in joining, Plaintiff, Dixon, and Collier merely state that "I expect that other current and other former product technicians will join this litigation if they are given notice of it and an opportunity to join it." (Dkt. Nos. 49-1 through 49-3 at ¶ 17.) Such speculation has been soundly rejected as a basis for conditional certification. *See, e.g., Hart v. JPMorgan Chase Bank, N.A.,* No. 8:12-cv-00470, 2012 WL 6196035, at *4 (M.D. Fla. Dec. 12, 2012) ("[A] plaintiff's or counsel's belief in the existence of other employees who desire to opt in and 'unsupported expectations that additional plaintiffs will subsequently come forward are insufficient to justify' certification of a collective action and notice to a potential class.").

In fact, *Riddle* is the only case that Plaintiff cites in which a class more expansive than one or two locations was certified based on a comparable number of opt-ins—*i.e.,* three opt-ins (still more than the two opt-ins in this case). *Riddle v. Suntrust Bank,* No. 1:08-CV-1411, 2009

4

WL 3148768, at *3 (N.D. Ga. Sept. 29, 2009). In that case, however, the plaintiff maintained that he and the three-opts may represent as much as 22% of the entire putative class. *Id.* In this case, Plaintiff acknowledges that there are likely "hundreds" of product technicians in Florida. (Dkt. No. 49 at 10.) As such, three employees out of several hundred product technicians in 104 stores comes nowhere close to representing as much as 22% of the class, and likely represents around 1% or less of all putative class members. (Dkt. Nos. 49-1 through 49-3 at ¶ 15) (where Plaintiff, Dixon, and Collier state there were two to three product technicians working at their stores at any given time).

As such, Plaintiff's Reply does nothing to change the fact that his three form declarations are insufficient to show that adequate interest exists in this case. *See also White v. Kcpar, Inc.*, No. 6:05-cv-1317, 2006 WL 1722348, at *3 (M.D. Fla. June 20, 2006) (denying conditional certification and simply allowing the two opt-ins to join the suit as named plaintiffs).

### B. An Allegation Of the Denial Of Overtime Is, By Itself, Insufficient To Show There Is A Unifying Policy Or Practice That Justifies Conditional Certification.

In his Reply, Plaintiff contends that he has adequately demonstrated that he is similarly situated to the putative class because "as Plaintiff's motion for conditional certification makes clear, Plaintiff's theory is that the alleged illegal compensation practices of the Defendant demonstrates a common policy of denying overtime." (Dkt. No. 71 at 7.) Rather than attempting to provide substantive allegations in support of this alleged common policy involving over 100 store locations, Plaintiff has repeatedly relied exclusively on the "lenient" standard for conditional certification—essentially arguing that conditional certification is a foregone conclusion. (*Id.* at 6) (noting that "the fairly lenient standard should result in conditional certification of the present case . . ."). As the cases that Plaintiff cites in his Reply make clear, a

5

conclusory allegation that Defendant failed to pay proper overtime is wholly insufficient to justify the certification of a state-wide class.[2]

First, Plaintiff once again falls into the trap of over-generalizing case law involving extremely narrow classes and considerably more support for a unifying policy to warrant certification. For instance, Plaintiff's Reply cites *Whineglass* and *Longcrier* to support his flawed contention that the mere allegation of improper overtime pay can bind a state-wide putative class. (Dkt. No. 71 at 7) (citing *Whineglass v. Smith,* No. 8:11–CV–2784–T–23, 2012 WL 6163067 (M.D. Fla. Nov. 14, 2012); *Longcrier v. HL-A Co.,* 595 F. Supp. 2d 1227 (S.D. Ala. 2008)). Unlike this case, however, the plaintiffs in *Whineglass* and *Longcrier* submitted considerable, detailed allegations or evidence in support of their contention that there was a unifying policy of denying overtime at those specific locations. *See Whineglass,* 2012 WL 6163067, at *1 (where plaintiff alleged he informed the company owner that employees were working unpaid overtime, but the owner still submitted 40 hours to the payroll company and told plaintiff that "the employees should all be thankful to have jobs"); *see also Longcrier,* 595 F. Supp. 2d at 1223 (noting plaintiffs' submission of several time records, such as "a 448–page Supplemental Evidentiary Submission . . . including a seven-page affidavit setting forth in considerable detail the [defendant's] records from which the summaries were generated, the meaning of each column in those summaries, and the process through which those exhibits were prepared, as well as copies of the underlying time records from which these summaries were generated"). Moreover, those cases involved policies applicable to a *single* location only, not over 100 different locations for which Plaintiff provides virtually no evidence whatsoever of a

---

[2] In fact, if a mere statement that an employer had "a common policy of denying overtime" was all that was required by courts, nearly every single FLSA collective action would be conditionally certified—thus eviscerating even the fairly lenient standard Plaintiff claims applies to this case.

unifying policy. *See Whineglass,* 2012 WL 6163067, at *5, *9 ("[C]ollective action certification [for <u>four</u> employees] appears appropriate here because, not only do the plaintiffs allege that they were subject to a common unlawful payroll practice, but that they all worked for this small business, performing optical-related services, <u>in the same location</u>, that was operated by the business's owner . . who allegedly implemented this illegal practice [of denying overtime despite knowing that overtime work was being performed].") (emphasis added); *see also Longcrier,* 595 F. Supp. 2d at 1220 ("All Plaintiffs are alleged to be hourly, nonexempt employees who are or were employed by [the defendant] in various capacities at its automobile parts manufacturing facility in Selma, Alabama."). Simply put, neither *Whineglass* nor *Longcrier* supports Plaintiff's argument for certification of a state-wide class in this case.

Plaintiff similarly misconstrues the other cases that he cites in his Reply. If anything, those cases actually support Defendant's contention that conditional certification is improper. In *Reed* and *Harper,* the plaintiffs' motions to conditionally certify wide-reaching classes based on alleged uniform policies were both <u>denied</u>. *See Reed,* 246 F. Supp. 2d at 1237 (denying plaintiff's motion for conditional certification finding there was insufficient evidence to demonstrate that defendant had a "pattern or practice" of failing to pay earned overtime); *see also Harper v. Lovett's Buffet, Inc.,* 185 F.R.D. 358, 362-63 (M.D. Ala. 1999) (denying conditional certification with respect to locations in six states and, instead, certifying the class with respect to only <u>one location</u>).[3] These cases all confirm the insufficiency of Plaintiff's request for a state-wide class based on only three form declarations alleging a general denial of overtime across all of Defendant's 104 stores in Florida. *See, e.g., Reed,* 246 F. Supp. 2d at 1236

---

[3] Notably, the court in *Harper* held that no uniform policy existed to justify conditional certification across multiple locations even though the plaintiffs submitted fifteen affidavits and twenty-one plaintiffs opted into the case. *Harper,* 185 F.R.D. at 362-64.

7

(denying conditional certification where, like this case, "[plaintiffs] do not suggest that their evidentiary showing is persuasive; instead, they insist that their burden is 'minimal'").

For the foregoing reasons, Plaintiff has wholly failed to show that a "unifying policy or practice" exists as to warrant conditional certification. *See Hickson v. U.S. Postal Serv.*, No. 5:09CV83, 2010 WL 3835885, at *12 (E.D. Tex. Sept. 28, 2010) ("Plaintiffs' allegations of a single, unidentified . . . 'policy' and the declarations from a few declarants wherein they state they 'believe' such a policy exists is insufficient" where plaintiffs alleged both that they were denied overtime and given overburdened routes that required them to work through meal breaks).[4]

### C. *The Existence Of A Pre-Existing Class Weighs Against The Conditional Certification Of A Similar Class.*

Finally, Plaintiff's Reply attempts to undermine the impact of *Jewell v. Aaron's, Inc.,* No. 1:12-cv-0563-AT (N.D. Ga. Oct. 27, 2011) on this case by misinterpreting the applicable case law cited in Defendant's Response. (Dkt. No. 71 at 2-5.) In his Motion, Plaintiff openly acknowledged that "*Jewell* has a certified class pursuant to the FLSA that includes product technicians from Florida"—*i.e.,* the exact group of individuals who Plaintiff wishes to issue notice to in this case. (Dkt. No. 49 at 12.) According to Plaintiff, the existence of this duplicative class and other lawsuits against Aaron's helps "satisf[y] [his] applicable burden of persuasion" that other plaintiffs are similarly situated to him and subject to a common policy. (*Id.*) Defendant's Response attacked this backwards proposition head on—noting that *Alvrarez*

---

[4] Plaintiff's Reply also cites to *Morgan v. Family Dollar Stores, Inc.,* 551 F.3d 1233, 1246 (11th Cir. 2008) for the general proposition that "[t]here is nothing unfair about litigating a single corporate decision in a single collective action." Defendant, and courts in the 11th Circuit, do not dispute this general proposition; but rather, courts still require that a plaintiff show that a "single corporate decision" actually exists. Unlike this case in which no illegal corporate decision has been shown, *Morgan* involved the alleged misclassification of store managers across the entire company. *Id.* at 1241-43.

*v. Gold Belt, LLC,* No. 08-4871, 2011 WL 1337457 (D.N.J. Apr. 7, 2011) rejected this exact argument and, instead, held that the existence of a pre-existing class cuts against or bars, rather than supports, conditional certification in a later case. (Dkt. No. 65 at 12-13.)

Plaintiff attempts in his Reply to muddy the water by suggesting that *Yates v. Wal-Mart Stores, Inc.,* 58 F. Supp. 2d 1217, 1218 (D. Colo. 1999)—*i.e.,* a case decided 12 years prior to *Alvarez*—somehow overrides the sound logic of *Alvarez*'s clear conclusion that "[r]ather than support the certification in this case . . . the identity of the [pre-existing] collective actions again demonstrates the need for one court to handle these claims." (Dkt. No. 71 at 2-5.)  As the *Yates* opinion itself makes clear, that case simply addressed the narrow question of "whether multiple collective actions *may* be maintained under 29 U.S.C. § 216(b) . . . ." *Yates,* 58 F. Supp. 2d at 1218 (emphasis added).  Even though the court found in *Yates* that multiple collective actions are not *per se* barred under the FLSA, the court did *not* suggest that the existence of one conditionally certified class justifies conditional certification in another case.  Moreover, the court did not find in *Yates* that a court should rely on evidence submitted in another case (or the fact that employees opted into another case) should be considered as evidence in a second-filed case.  All that the court found in *Yates* was that two or more conditionally certified collective actions could co-exist—presupposing, it appears, that the plaintiffs in any of them satisfied their burden to prove a basis for conditional certification (something that Plaintiff has not done).  Under these circumstances, *Alvarez* is the better case to follow.  *See, e.g., Alvarez*, 2011 WL 1337457, at *1 (noting that because "the plaintiffs are essentially the same, the defendants are the same, and the claims are the same, this case presents the potential for the waste of judicial resources and the duplication of two courts' efforts").

9

Indeed, Plaintiffs' Reply ignores the sheer impracticality and prejudice of a collective action in this case. For instance, Plaintiff claims that a state-wide collective action would "benefit the Defendant by eliminating its need to possibly defend hundreds of identical lawsuits brought by product technicians that worked at one of the '104 different stores' in Florida." (Dkt. No. 71 at 3.) This Court need not give weight to Plaintiff's concern. In the many months since Plaintiff filed this case, Defendant has not experienced a deluge of claims by individual product technicians. This is likely because the product technicians whom Plaintiff wishes to invite to join his case were already invited to join *Jewell*; and most chose not to join. Plaintiff has not submitted a shred of evidence to suggest that any of them might now choose to join his case. Nonetheless, he asks that Defendant bear the burden of yet another notice, and he asks this Court to undertake the burden of overseeing it—all on the basis of only three self-serving declarations.

No one else is interested. Those who are interested are already pursuing their rights in *Jewell*. The demonstrable absence of interest in this case is fatal to Plaintiff's Motion.

### III. CONCLUSION.

For the reasons set forth in Defendant's Response and Surreply, Defendant respectfully requests that Plaintiff's Motion for Conditional Certification be denied.

Dated: January 4, 2013.

                Respectfully submitted,

                /s Jeffrey L. Glaser
                Brett C. Bartlett
                bbartlett@seyfarth.com
                Jeffrey L. Glaser
                jglaser@seyfarth.com
                SEYFARTH SHAW LLP
                1075 Peachtree Street, N.E., Suite 2500
                Atlanta, Georgia  30309-3962
                Telephone:  (404) 885-1500
                Facsimile:  (404) 892-7056

*Lead Counsel for Defendant*

Sally R. Culley
Florida Bar No. 0095060
Rumberger, Kirk & Caldwell, P.A.
Lincoln Plaza, Suite 1400
300 South Orange Ave. (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
Tel: 407.872.7300
Fax: 407.841.2133
sculley@rumberger.com
*Local Counsel for Defendant*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

| | |
|---|---|
| JAVARIS SMITH, individually and on behalf of all those similarly situated, LEONARD DIXON, and ANTHONY COLLIER, <br><br> Plaintiffs, <br><br> v. <br><br> AARON'S, INC., <br><br> Defendant. | Case No. 2:12-cv-00551-JES-DNF |

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing *Defendant's Surreply in Opposition to Plaintiff's Motion for Conditional Certification* to the following counsel of record by the Court's electronic filing system on this 4th day of January, 2013:

Scott C. Adams, Esq.
N. Ryan Labar, Esq.
LABAR & ADAMS, P.A.
1527 East Concord Street
Orlando, Florida 32803
*Attorney for the Plaintiff and Putative Class*

s/ Jeffrey L. Glaser
Counsel for Defendant

16625085v.2